**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

JOSE SANTOS MONROY,

    Defendant - Appellee.

No. 04-3234
(D. Kansas)
(D.Ct. No. 04-CR-10006-JTM)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On March 10, 2004, Jose Santos Monroy pled guilty to illegal re-entry after deportation subsequent to a conviction for an aggravated felony in violation of 8

---

<sup>*</sup> This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1326(a) and (b)(2). On June 1, 2004, the district court departed downward from the sentencing guidelines and sentenced Monroy to forty-six months imprisonment.[1] The Government appeals. Exercising jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, we VACATE the sentence and REMAND for resentencing.

*Background*

In aid of sentencing, the district court ordered preparation of a Presentence Investigation Report (PIR). The PIR calculated a total offense level of 21 and a criminal history category of V, resulting in a guideline range of 70 to 87 months.[2] Monroy moved for downward departure, *see* 18 U.S.C. § 3553(b)(1) (allowing departures under strict conditions but since excised by *United States v. Booker*, -- U.S. -- , 125 S.Ct. 738, 756 (2005)), on two grounds: 1) the criminal history category assigned to him in the PIR substantially over-represented the seriousness of his criminal history or the likelihood he would commit other crimes, *see* USSG §4A1.3(b)(1) and 2) cultural assimilation. *See* USSG §5K2.0(a). At sentencing, the court downward departed in criminal history category from V to IV on the ground category V over-represented the seriousness of Monroy's criminal history.

---

[1] The statute allows for imprisonment for no more than twenty years. *See* 18 U.S.C. § 1326(b)(2).

[2] The PIR and the eventual sentence applied the November 2003 edition of the United States Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 2003).

The court also downward departed two offense levels, to 19, on the ground of exceptional rehabilitation -- a ground not identified in the PIR, specifically advanced by Monroy, noticed to either party or argued at sentencing. The consequent guideline range was 46 to 57 months. The court sentenced Monroy at the low end of the range.

### *Discussion*

The Government appeals each of the downward departures ordered by the district court.[3] *Inter alia*, the Government challenges the court's failure to give reasonable notice it was contemplating a downward departure for exceptional rehabilitation, a departure awarded only at the conclusion of the sentencing hearing.

We first consider the appropriate standard of review to apply to the Government's claim. The Government did not object to the court's award of a downward departure for exceptional rehabilitation and raises its objection for the

---

[3] In his reply brief, Monroy contends, *inter alia*, that his sentence violates the decision in *Blakely v. Washington,* -- U.S.--, 124 S.Ct. 2531 (2004), in which the Supreme Court applied its decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), to invalidate, under the Sixth Amendment, application of Washington's sentencing guidelines. In *Booker,* the Court subsequently extended its ruling in *Blakely* to invalidate the federal sentencing guidelines insofar as they were mandatory. 125 S.Ct. at 745. Given our decision to vacate Monroy's sentence and remand for resentencing on an alternate basis, we need not decide his *Blakely* claim or the propriety of raising it for the first time in his reply brief.

first time on appeal. At first blush, this would suggest we should review for plain error. *See* FED. R. CRIM. P. 52(b). However, where a "complete lack of notice made it impossible for the parties to anticipate the nature of the [downward departure] and short-circuited the significance of any opportunity to comment[,]" we will not consider the party who objects for the first time on appeal to have waived objection at the trial level. *United States v. Bartsma,* 198 F.3d 1191, 1198 (10th Cir. 1999). We therefore review for harmless error. *See* FED. R. CRIM. P. 52(a).

In *Burns v. United States* (a case in which the district court departed upward without prior notice to the parties of its contemplation of same), the Court held:

> [B]efore a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling.

501 U.S. 129, 138 (1991). Significantly, the Court noted "[i]t is equally appropriate to frame the issue as whether the *parties* are entitled to notice before the district court departs upward *or* downward from the Guidelines range. Under Rule 32, it is clear that the defendant and the Government enjoy equal procedural entitlements." *Id.* at 135 n.4. With the *Burns* decision in mind, Rule 32 was amended in 2002:

-4-

**Notice of Possible Departure from Sentencing Guidelines**.
Before the court may depart from the applicable sentencing range on
a ground not identified for departure either in the presentence report
or in a party's prehearing submission, the court must give the parties
reasonable notice that it is contemplating such a departure. The
notice must specify any ground on which the court is contemplating a
departure.

FED. R. CRIM. P. 32(h). *See also* Advisory Committee Notes to Rule 32, 2002

Amendments (explaining *Burns* provenance); *Bartsma,* 198 F.3d at 1199-1200

(*Burns* violated where the court, without prior notice to parties that it

contemplated doing so, imposed sex offender registration requirement as

condition of supervised release). Based on the foregoing, we conclude the district

court erred in departing downward for exceptional rehabilitation without giving

prior notice to the parties it contemplated such a departure, and the error was not

harmless. This being so, we need not reach other sentencing issues presented for

review.

We add there is nothing in the remedial portion of *Booker* which impugns

the continued vitality of departures[4] or Rule 32(h). *Booker* "makes the Guidelines

effectively advisory. It requires a sentencing court to consider Guidelines ranges,

---

[4] *Booker* is clear that the offending aspect of § 3553(b)(1) is not its reference to departures but rather its language mandating application of the guidelines. "[T]he existence of § 3553(b)(1) is a necessary condition of the constitutional violation. That is to say, without this provision – namely the provision that makes the relevant sentencing rules mandatory and imposes binding requirements on all sentencing judges – the statute falls outside the scope of *Apprendi's* requirement." *Booker,* 125 S.Ct. at 764 (internal quotation marks, ellipsis and alteration omitted).

but it permits the court to tailor the sentence in light of other statutory concerns as well." 125 S.Ct. at 757 (citations omitted). Tailoring a sentence will no doubt occasionally involve, as it has in the past, departure from a standard guideline range. Such departures, as with those under the now-excised § 3553(b)(1), are subject to Rule 32(h). Post-*Booker*, we will review a sentence under a standard of reasonableness. *Id.* at 765. It is to this standard that departures are now tied, not the strictures of the now-excised § 3553(b)(1).

### *Conclusion*

Accordingly, we **VACATE** the sentence and **REMAND** for resentencing consistent with this opinion and *Booker*.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge