[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____

**No. 05-11144**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00007-CR-ORL-18DAB

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

SHAWN MICHAEL SIMMERER,

                                                    Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Middle District of Florida**
_____

**(November 16, 2005)**

Before DUBINA, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Shawn Michael Simmerer appeals his conviction and 60-month sentence for bank fraud in violation of 18 U.S.C. §§ 1344 and 2. On appeal, Simmerer argues that the district court erred in (1) denying his motion for a continuance, (2) admitting evidence of flight from law enforcement and giving a jury instruction as to flight, and (3) imposing an unreasonable sentence in excess of the Guideline range. He contends that, in imposing an unreasonable sentence, the court failed to (1) provide advance notice that it was contemplating a sentence in excess of the Guideline imprisonment range of 27-33 months, (2) apply the Guidelines in a mandatory fashion in order to avoid an *ex post facto* violation, and (3) accurately calculate the sentencing range prescribed by the Guidelines.

## I. Motion for a Continuance

We review the district court's denial of a request for a continuance for abuse of discretion. *United States v. Bowe*, 221 F.3d 1183, 1189 (11th Cir. 2000). The Sixth Amendment to the U.S. Constitution guarantees that any person brought to trial in any federal court must be afforded the right to assistance of counsel before he or she can be validly convicted and punished by imprisonment. *Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 2527, 45 L. Ed. 2d. 562 (1975). A trial court's denial of a motion for continuance may violate this right because it may infringe upon defense counsel's ability to prepare an adequate defense. *See*

2

*United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* To show a violation of the right to counsel as the result of a denial of a motion for continuance, a defendant must show that the denial resulted in specific substantial prejudice. *Id.*

After reviewing the record, we conclude that the district court did not abuse its discretion in denying Simmerer's motion for a continuance. Although Simmerer listed several grounds as to why he needed a fifth continuance,[1] his motion failed to articulate how he would suffer specific prejudice if the motion was denied. Thus, the court did not abuse its discretion in denying the motion.

## II. Intentional Flight

### A. Admissibility

"The ultimate decision on admissibility of flight evidence rests with the trial judge, whose exercise of discretion will not be overturned absent a showing of clear abuse." *United States v. Blakely*, 960 F.2d 996, 1001 (11th Cir. 1992). "Evidence of flight is admissible to demonstrate consciousness of guilt and thereby

---

[1] The district court granted Simmerer four previous continuances of his trial date.

guilt." *Id.* at 1000.  However, the probative value of such evidence diminishes "if the defendant has committed several unrelated crimes or if there has been a significant time delay between the commission of the crime or the point at which the accused has become aware that he is the subject of a criminal investigation, to the time of flight." *Id.* at 1000-01.  Evidence of flight is probative as circumstantial evidence of guilt if the following four inferences can be confidently drawn: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977).[2]

After reviewing the record, we conclude that in admitting the evidence of Simmerer's flight, the district court did not abuse its discretion.  Based on the circumstances surrounding Simmerer's arrest, one can make inferences (1) from his behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and

_____

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *Myers*, 550 F.2d at 1049.

*B. Jury Instruction*

We review the legal correctness of a jury instruction *de novo*, but defer on questions of phrasing absent an abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). District courts generally have broad discretion in formulating jury instructions as long as the charge as a whole accurately reflects the law and the facts. *Id.* Moreover, we will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately or the charge improperly guided the jury in such a substantial way as to violate due process. *Id.* We examine "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995) (quotation omitted). We have "consistently approved the inclusion of a jury instruction on flight." *United States v. Borders*, 693 F.2d 1318, 1327 (11th Cir. 1982). An appropriate jury instruction on flight should correctly caution the jury that it is up to it to determine whether the evidence proves flight and what weight should be accorded to such a determination. *See id.* at 1328.

We conclude from the record that the district court did not err in instructing the jury regarding intentional flight because the jury instruction accurately reflected the law. The jury instruction in the instant case mirrors the jury instruction on flight that we upheld in *Borders*, and it correctly cautioned the jurors that it was up to them to determine whether the evidence proved flight and the weight, if any, to be accorded such a determination. *See id.* at 1328.

### III. Sentence in Excess of the Applicable Guideline Range

*A. Notice*

Fed. R. Crim. P. 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

The Supreme Court has held that before district courts can depart upward on a ground not identified either in the presentence report or in a prehearing submission by the government, the courts must, under Fed. R. Crim. P. 32, give parties reasonable notice that they are contemplating such a ruling and the grounds on which the departure is based. *Burns v. United States*, 501 U.S. 129, 138-39, 111 S. Ct. 2182, 2187, 115 L. Ed. 2d. 123 (1991). However, in *Burns* the Supreme Court

6

was addressing an upward departure under the then mandatory Sentencing Guidelines, not a post-*Booker* variance under an advisory system. *See id.*

Because Simmerer failed to raise this issue in the district court, we review the argument on appeal for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005). To prevail under this standard, the appellant must prove the following three requirements: (1) there must be an error; (2) that error must be plain; and (3) the plain error must affect substantial rights. *Id.* at 1328-29. Once the appellant proves these three elements, we may notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329. Nonetheless,

> an error cannot meet the plain requirement of the plain error rule if it is not clear under current law. From that principle flows the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.

*United States v. Chau*, No. 05-10640, _____F.3d _____ (11th Cir. Sept. 27, 2005) (quotations and citations omitted).

There is no precedent from this court or from the Supreme Court establishing that Fed. R. Crim P. 32 applies to a post-*Booker* upward variance. In the "absence of any controlling precedent" supporting Simmerer's proposition that there was error, *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir.

7

2003), the district court's failure to give notice in compliance with Rule 32 cannot be plain error.

*B. Ex Post Facto Violation*

"The *ex post facto* clause prohibits the enactment of statutes which make more burdensome the punishment for a crime, after its commission." *United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004) (quotation and alterations omitted), *cert. denied*, ____ S. Ct. ____ (2005).  Recently, we reviewed a defendant's argument that *Booker*'s remedial provisions, if applied retroactively, would increase the sentence authorized by the jury's verdict and, therefore, constitute an *ex post facto* law in violation of the defendant's due process rights. *United States v. Duncan*, 400 F.3d 1297, 1306-07 (11th. Cir.), *cert. denied*, ___ S. Ct. ___ (2005).  We determined that, when the appellant committed the offense of conviction, "the recognized state of the law looked to the U.S. Code as establishing maximum sentences." *Id.* at 1307-08.  We further explained that, before *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) was decided, every federal court of appeals had held that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) did not apply to guideline calculations made within a defendant's statutory maximum sentence. *Id.* at 1308.  Thus, we

8

concluded that the defendant, who was sentenced within his statutory range, had sufficient warning to satisfy *ex post facto* concerns. *Id.*

The record demonstrates that Simmerer did not preserve this issue below, and he cannot prevail now because in this instance there was no plain error. *See Shelton*, 400 F.3d at 1328-29. Simmerer's sentence did not violate the *Ex Post Facto* Clause because (1) he was sentenced to a term less than the statutory maximum, and (2) he had sufficient warning of the possible maximum sentence under the U.S. Code. *See Duncan*, 400 F.3d at 1308.

## C. Reasonableness

In *United States v. Booker*, the Supreme Court held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. ____ U.S. ____, 125 S. Ct. 738, 749-51, 160 L. Ed. 2d 621 (2005). The Court decided that the appropriate remedy was to excise two specific statutory provisions which made the Guidelines mandatory, thereby rendering the Guidelines advisory only. 125 S. Ct. at 764. The Court explained that, "[w]ithout the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a). *Id.* Section 3553(a) provides that district courts imposing a sentence must first consider, *inter alia*, the nature

9

and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and the kinds of sentences and sentencing range established by the Guidelines. *See* 18 U.S.C. § 3553(a).

We are required to "review for unreasonableness" a sentence imposed post-*Booker*. *Booker*, 125 S. Ct. at 765 (quotation and alteration omitted); *see also United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "*Booker* established a 'reasonableness' standard for the sentence finally imposed on a defendant"). We have stated that the district court is obligated "to calculate *correctly* the sentencing range prescribed by the Guidelines." *Crawford*, 407 F.3d at 1178. "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable . . . ." *Id.* at 1179.

In *United States v. Winingear*, we recently conducted a review of an appellant's sentence for reasonableness and explained that the sentence must be reasonable in the context of the factors listed in 18 U.S.C. § 3553(a). 422 F.3d 1241, 1246 (11th Cir. Aug. 30, 2005). In conducting our review, we stated that it does "not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for

10

reasonableness." *Id.* at 1245. In addition to discussing the nature and circumstances of the offense and Winingear's criminal history, we specifically noted that the sentence imposed was "one-tenth the length of the twenty-year statutory maximum sentence," and held that the sentence was reasonable. *Id.* at 1246.

We conclude that the district court's sentence in this case was reasonable. The judge in sentencing Simmerer to 60 months imprisonment explained in great detail why the Guideline range was inadequate. The judge explicitly relied on factors listed in § 3553(a). Moreover, Simmerer's sentence is only one-sixth the length of the 30-year statutory maximum. *See Winingear*, 422 F.3d at 1246. Furthermore, Simmerer's argument that the court's sentence was unreasonable because the court incorrectly calculated his sentencing range when it gave him two additional criminal points under U.S.S.G. § 4A1.1(d) is without merit. These two criminal history points are immaterial to the Guideline range calculation because, with or without these points, his criminal history category would still have been III and the Guideline range would still have been 27 to 33 months.

*Conclusion*

For the reasons stated above, we conclude that the district court did not err when it (1) denied Simmerer a fifth continuance of trial, (2) admitted evidence of intentional flight, (3) gave a jury instruction on intentional flight, and (4) imposed a sentence in excess of the applicable Guideline range. The 60-month sentence did not violate *ex post facto* principles and was not unreasonable. Moreover, Simmerer could not establish that the court's failure to provide him reasonable notice of the sentence was plain error. Accordingly, we affirm Simmerer's conviction and sentence.

**AFFIRMED.**

12