**UNITED STATES of America, Appellee,**

v.

**Lamont PETTUS, Defendant–Appellant.**

**No. 05–4136–CR.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

---

Paul J. Madden, Brooklyn, New York, for Appellant.

John A. Nathanson, Assistant United States Attorney (Susan Corkery, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Circuit Judges, and Honorable JANE A. RESTANI,[1] Chief Judge, U.S. Court of Int'l Trade.

## SUMMARY ORDER

Defendant Lamont Pettus appeals an 18–month prison sentence imposed on his guilty plea to escaping from custody, in violation of 18 U.S.C. § 751(a). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Pettus faults the district court for failing to specify whether the 18–month sentence, which exceeded his 4–to–10–month Sentencing Guidelines range, reflected an upward departure within the Guidelines scheme, *see* U.S. Sentencing Guidelines Manual, Ch. 5, Part K, or a non-Guidelines sentence, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir.2005). He submits that if the sentence was a departure within the Guidelines scheme, the court erred in failing to give him the advance notice required by Fed.R.Crim.P.

---

1. The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

534

32(h).[2] In any event, even if the court was imposing a non-Guidelines sentence, Pettus argues that it was unreasonable as a matter of law. *See United States v. Crosby,* 397 F.3d at 113.

Because Pettus neither requested the district court to specify whether its sentence was a Guidelines departure or a non-Guidelines sentence nor protested its failure to give him Rule 32(h) notice, we review this part of his sentencing challenge for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Whab,* 355 F.3d 155, 158 (2d Cir.2004) (observing that plain error reversal requires (1) error, (2) that is plain, (3) affecting substantial rights, and (4) undermining the fairness, integrity, or public reputation of the proceedings). "We typically will not find [plain] error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab,* 355 F.3d at 158 (internal quotation marks omitted); *see also United States v. Weintraub,* 273 F.3d 139, 152 (2d Cir.2001).

Preliminarily, we observe that Pettus cites to no binding precedent requiring a district court to specify, *sua sponte,* whether its imposition of a sentence outside the applicable Guidelines range represents a Guidelines departure or a non-Guidelines sentence. Thus, the court's failure to do so in this case could not be plain error. This court has not ruled on the applicability of Rule 32(h) to post-*Booker* sentences, whether within or outside the Guidelines scheme. To the extent our sister circuits have considered the issue, their conclusions have not been uniform. *See United States v. Hawk Wing,* 433 F.3d 622, 625 (8th Cir.2006) (applying Rule 32(h) notice requirement to non-Guidelines sentence without comment); *United States v. Egenberger,* 424 F.3d 803, 805–06 (8th Cir.2005) (not requiring Rule 32(h) notice in sentence involving departure above advisory guideline range); *United States v. Simmerer,* 156 Fed.Appx. 124, 126 (11th Cir.2005) (finding that lack of notice did not constitute plain error because "[t]here is no precedent from this court or from the Supreme Court establishing that Fed.R.Crim.P. 32 applies to a post-*Booker* upward variance");[3] *United States v. Monroy,* 135 Fed.Appx. 190 (10th Cir.2005) (holding that "there is nothing in the remedial portion of *Booker* which impugns the continued vitality of departures or Rule 32(h)").[4]

We need not decide that issue here, because Pettus fails to demonstrate that he was harmed by the lack of Rule 32(h) notice. Pettus points to no facts or arguments that, with Rule 32(h) notice, he would have presented to influence the court's sentencing decision. This is not surprising. In the aftermath of *Booker,* defendants and their counsel have a strong incentive to present any facts and arguments to the district court that might mitigate sentence regardless of their relevance to Guidelines sentencing. Pettus also argues that, if the court was imposing a Guidelines sentence, it was obliged to en-

**2.** Pettus does not contend that Rule 32(h) notice is required when a court decides to impose a non-Guidelines sentence, therefore, we do not address that issue.

**3.** The Eleventh Circuit allows unpublished opinions to be cited "as persuasive authority, provided that a copy of the unpublished opinion is attached to or incorporated within the brief, petition, motion or response in which such motion is made." Eleventh Circuit. R. 36–2; *see also id.* I.O.P. 7, Citation to Unpublished Opinions by the Court.

**4.** The Tenth Circuit rules allow citation to an unpublished opinion if "it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and ... it would assist the court in its disposition." Tenth Circuit R. 36.3(B).

gage in incremental analysis to justify an upward departure. *See United States v. Jakobetz,* 955 F.2d 786, 806 (2d Cir.1992). It is doubtful that strict incremental analysis is required in considering non-mandatory Guidelines pursuant to 18 U.S.C. § 3553(a). No matter. Because the court's sentence is reasonable, Pettus cannot show that he was harmed by this purported omission.

 As the district court observed at the sentencing hearing, Pettus's crime of conviction—escape—was reflective of a persistent failure to be deterred from crime by prior convictions or incarceration. Such recidivism concerns have long been recognized as a sound reason for imposing a sentence outside a Guidelines range calculated strictly under Sections 4A1.1 and 4A1.2, even under a mandatory Guidelines scheme. *See, e.g., United States v. Ashley,* 141 F.3d 63, 69 (2d Cir.1998). Under these circumstances, the district court's imposition of an 18–month sentence cannot be deemed unreasonable. *See United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005) (noting that reasonableness review of sentencing is necessarily "deferential"); *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently.").

We have considered all of Pettus's contentions on this appeal and have found them to be without merit. The district court's judgment, entered on July 26, 2005, is hereby AFFIRMED.