**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 05-6259

TIMOTHY ALLEN DOZIER,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. CR-05-064-T)**

Submitted on the briefs:[*]

Mack K. Martin, Martin Law Office, Oklahoma City, Oklahoma, for Appellant.

John C. Richter, United States Attorney, and Susan Dickerson Cox, Assistant United States Attorney, Office of the United States Attorney for the Western District of Oklahoma, Oklahoma City, Oklahoma, for Appellee.

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH,** Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**TACHA**, Chief Circuit Judge.

Defendant-Appellant Timothy Allen Dozier argues that the District Court departed upward from the applicable United States Sentencing Guidelines range without first affording him notice of the grounds for departure in violation of Fed. R. Crim. P. 32(h). The Government concedes that this case warrants remand. Exercising jurisdiction under 28 U.S.C. §1291, we VACATE Mr. Dozier's sentence and REMAND for resentencing.

## I. BACKGROUND

In 2005, a one-count information was filed charging Mr. Dozier with mail fraud in violation of 18 U.S.C. § 1341. Mr. Dozier's scheme involved offering gift cards at a reduced rate from a number of retail businesses, accepting money by mail for these gift cards, and never delivering the product he had promised. Mr. Dozier waived indictment, waived his right to a jury trial, and entered a plea of guilty pursuant to a plea agreement. In the plea agreement, Mr. Dozier and the Government agreed as to the amount of money lost in the scheme (between $120,000 and $200,000) as well as the number of victims harmed by it (between 50 and 200).

Thereafter, a presentence report ("PSR") was prepared. It noted that the base offense level for mail fraud is 7, *see* U.S.S.G. § 2B1.1(a)(1), recommended a

10-level adjustment due to the amount of money lost, *see* U.S.S.G. § 2B1.1(b)(1)(F), and recommended a 4-level adjustment due to the number of victims, *see* U.S.S.G. § 2B1.1(b)(2)(B). Accordingly, the PSR set the adjusted level at 21. It then recommended a 2-level downward departure for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and a 1-level downward departure for entering the guilty plea, *see* U.S.S.G. § 3E1.1(b). Based on Mr. Dozier's criminal history category of I and the offense level of 18, the applicable Guidelines range was 27 to 33 months. The PSR identified no reason to depart from that range, noting that "[t]he probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines."

Accordingly, at sentencing, the Government argued that Mr. Dozier should be sentenced within the advisory Guidelines range. The District Court, however, departed upward and imposed a sentence of 48 months' imprisonment based on a number of victim impact statements never received or reviewed by defense counsel. On appeal, Mr. Dozier's sole argument is that he was not given notice of this possible ground for an upward departure as required by Fed. R. Crim. P. 32(h). The Government concedes that the District Court erred in failing to give Mr. Dozier notice of its intention to depart upward and it does not contest that

remand is in order.[1]

## II. DISCUSSION

A.    Standard of Review

After *United States v. Booker*, 543 U.S. 220, 261 (2005), we will affirm a sentence so long as it is not unreasonable. Reasonableness review, however, "does not displace the oft-cited principle that in considering the district court's application of the Guidelines, we review factual findings for clear error and legal determinations de novo." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Nor does it render compliance with the Rules of Criminal Procedure unnecessary. Accordingly, we review the District Court's adherence to Rule 32(h) de novo. *See United States v. Kravchuk*, 335 F.3d 1147, 1160 (10th Cir. 2003).

B.    Merits

Rule 32(h) affords a criminal defendant the right to be notified of any intention by the district court to enhance a sentence and any basis for such an

---

[1]Indeed, after Mr. Dozier's appellate brief was filed, the Government filed a motion to remand for resentencing. Although Mr. Dozier also seeks resentencing, he objected to the Government's motion. This objection appears to be based primarily on the timeliness of the motion and also articulates Mr. Dozier's position that he will not agree to a remand without the Government's stipulation that the upward departure was inappropriate in this case. Because Mr. Dozier has not withdrawn his appeal, we consider the merits of his claim and remand for resentencing. We further note that after he is resentenced, Mr. Dozier is free to take another appeal to the extent it is not foreclosed by this one.

enhancement. Indeed, the Supreme Court has held that if a district court intends to enhance a sentence based on a determination not identified in the presentence report or a prehearing submission by the Government, "Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." *Burns v. United States*, 501 U.S. 129, 138 (1991). "This notice must specifically identify the ground on which the district court is contemplating an upward departure." *Id.*

We do not question the viability of Rule 32(h) and *Burns* after *Booker*. Indeed, we recently held that post-*Booker*, the Government is entitled to notice under Rule 32(h) when the District Court departs downward from the Guidelines. *See United States v. Monroy*, 135 Fed. App'x 190, 193 (10th Cir. 2005); *but see United States v. Simmerer*, 156 Fed. App'x 124, 128 (11th Cir. 2005) (holding that district court's failure to comply with Rule 32(h) was not plain error because "no precedent from this court or from the Supreme Court establish[es] that Fed. R. Crim. P. 32 applies to a post-*Booker* upward variance."). And, while *Monroy* is distinguishable from our present case in that it involved an appeal by the government of a downward departure, it is clear that under Rule 32, "the defendant and the Government enjoy equal procedural entitlements." *Burns*, 501 U.S. at 135 n.4. Therefore, we hold today that Rule 32(h) survives *Booker* and requires a court to notify both parties of any intention to depart from the advisory

sentencing guidelines as well as the basis for such a departure when the ground is not identified in the presentence report or in a party's prehearing submission.

The District Court failed to comply with this requirement. Nothing in the PSR or any prehearing submission by the Government indicated that the District Court might be considering the victim impact statements as a basis for an upward departure. To the contrary, there was no point of contention between Mr. Dozier and the Government concerning the sentencing calculation set forth in the PSR. Accordingly, the District Court erred in departing upward on the basis of victim impact statements without first giving Mr. Dozier notice that it was considering this course. Because the Government does not argue that this error is harmless—indeed, it agrees with Mr. Dozier that he should be resentenced—we vacate Mr. Dozier's sentence and remand this case for resentencing.[2]

### III. CONCLUSION

Mr. Dozier's sentence is VACATED and REMANDED for resentencing consistent with this opinion.

---

[2]The PSR does mention briefly that several of the 188 victims sent a victim impact statement and that "[t]he general tone of the Victim Impact Statements have been anger toward the defendant and a new found lack of trust by the victims to use the Internet to purchase items." We emphasize, however, that the PSR does not recommend any victim-related adjustments or departure based on the victims' statements and the Government did not seek an upward departure at all. Finally, given the Government's position that Mr. Dozier did not receive proper notice under Rule 32(h), we have no trouble concluding that remand is appropriate in this case.