**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1541

UNITED STATES OF AMERICA,

Appellee,

v.

MATTHEW JONES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Selya, Circuit Judge,
Hug,* Senior Circuit Judge,
and Howard, Circuit Judge.

James R. Knudsen, by appointment of the court, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, was on brief, for appellee.

April 26, 2006

---

*Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  The path to this sentencing appeal began on December 27, 2004, when defendant-appellant Matthew Jones entered a guilty plea to a two-count indictment charging (i) possession of a firearm as a convicted felon, see 18 U.S.C. § 922(g)(1), and (ii) simple possession of over five grams of cocaine base, see 21 U.S.C. § 844(a).  Certain key facts are undisputed.  After a chase, police found Jones on the ground, with his hands behind his head.  Concealed under nearby leaves was a pistol with the clip removed.  The police discovered the clip, which contained four rounds, in an adjacent manhole and three more rounds in the same vicinity.  A search of Jones's person disclosed that he had over five grams of crack cocaine in his pocket.

The presentence investigation report (PSI Report) recommended a two-level reckless-endangerment enhancement, see USSG §3C1.2, because Jones had fled from the arresting officer while holding the pistol and, as he ran, had turned toward the officer with the pistol in his hand.  On Jones's objection, the probation officer amended the PSI Report to delete the reckless-endangerment enhancement.  The government then filed a sentencing memorandum in which it argued in favor of restoring the enhancement.

The district court convened the disposition hearing on April 4, 2005.  The PSI Report stated that there were no factors warranting a departure from the guideline sentencing range (GSR), and neither side questioned that conclusion.  The government argued

successfully in favor of the reckless-endangerment enhancement. With the inclusion of that enhancement, Jones's total offense level was 27. The court placed him, without objection, in criminal history category IV. This combination yielded a GSR of 100-125 months.

When the district court inquired why the government had not sought some form of upward variation or adjustment based on the fact that Jones had jumped bail and fled to Alabama after state authorities had charged him with a crime in connection with the same incident, the Assistant United States Attorney — not the same individual who argued the case before us on the government's behalf — responded that the possibility of such a variation or adjustment had never occurred to him. The court then asked defense counsel whether an upward variance would be appropriate in light of the bail-jumping incident. Counsel objected to any consideration of such a variance based on the absence of prior notice that the court might embrace this option. The government agreed with the defense that the lack of prior notice prevented immediate consideration of the issue. The court overruled the prior notice objection, citing its discretion under the advisory guidelines. See United States v. Booker, 543 U.S. 220, 233 (2005).

The district court thereafter suggested, for the first time, that it might run the two components of the sentence consecutively. As with the possibility of an upward variance based

on the bail-jumping incident, this sentence-lengthening possibility had neither been discussed in the PSI Report nor advanced by the government in its pre-hearing memorandum. The defense again objected on notice grounds.

In due course, the district court proceeded to impose sentence. The statutory maximum for the gun count was ten years, while the drug count carried a statutory mandatory minimum of five years and a statutory maximum of twenty years. The court imposed the maximum ten-year sentence on the gun count and the mandatory minimum five-year sentence on the drug count. If run concurrently the sentence would have been within the GSR for the crimes of conviction, but running the terms consecutively resulted in an aggregate period of incarceration that exceeded the top of the GSR by fifty-five months. It seems clear that, in arriving at this result, the court factored in some grounds that had not been contemplated in either the PSI Report or the prosecution's pre-hearing submissions.

Jones appeals his sentence. He challenges (i) the propriety of the reckless-endangerment enhancement; (ii) the lack of notice with respect to several grounds relied on by the court and, particularly, with respect to the imposition of consecutive terms of immurement; and (iii) the reasonableness of the overall sentence.

This case comes to us in an odd posture. Jones argues — and the government concedes — that the sentence should be vacated and the case remanded for resentencing because, among other things, the district court deviated from the GSR based on unexpected grounds and without giving any advance notice. We are not bound, of course, to accept the government's confession of error, see, e.g., United States v. Sánchez-Berríos, 424 F.3d 65, 81 (1st Cir. 2005), but we choose to do so here.

Our rationale is multifaceted. First, because the change-of-plea colloquy predated the Booker Court's watershed decision but the sentencing itself post-dated that decision, the applicable sentencing regime changed mid-stream (from mandatory guidelines to advisory guidelines); hence, the case falls into a peculiar time warp. Second, as Jones points out, the sentencing transcript indicates that the district court mis-recollected what it had told Jones at the change-of-plea hearing and may have acted on that mis-recollection. Third, since the district court imposed sentence in this case, we decided United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006), in which we clarified how sentencing should proceed under the advisory guidelines. Because Jones's objections were preserved and there is some question whether the district court correctly anticipated the Jiménez-Beltre protocol, it makes sense to eliminate any doubt and allow the court to act with full knowledge of that protocol.

-5-

Last — but surely not least — the two legal points on which this appeal ordinarily would turn — whether the running of the two components of the sentence consecutively constituted a departure rather than a variance and, if not, whether the advance notice requirement of Burns v. United States, 501 U.S. 129, 131 (1991), and Fed. R. Crim. P. 32(h) should apply by analogy to deviations from the advisory guidelines (as opposed to departures) — are freighted with uncertainty.[2] We are reluctant to decide so nuanced a set of questions where, as here, the adversarial relationship has been compromised. After all, both sides are agreed that the sentence should be vacated and the case remanded for resentencing, and no amici have filed briefs. We think that, under these unusual circumstances, the course of prudence, in fairness both to the parties and to the able district judge, is to allow the court to make a fresh start and formulate the sentence anew.

We need go no further. For the reasons alluded to above, we honor the parties' joint request, vacate Jones's sentence, and remand for resentencing. We take no view as to the reasonableness

___

[2]For example, the circuits are divided on the issue of whether prior notice is required before a sentencing court, operating under advisory guidelines, may deviate from the GSR on a ground neither argued by the government in its pre-sentencing memorandum nor elaborated in the PSI Report. Compare, e.g., United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005) (holding that no such prior notice is required), with, e.g., United States v. Dozier, ___ F.3d ___, ___ (10th Cir. 2006) [2006 WL 864877, at *2] (holding to the contrary).

of the sentence previously imposed, the sustainability of any of the lower court's sentencing determinations,[3] or the contested "prior notice" issue.

**<u>Vacated and remanded</u>**.

---

[3]Jones invites us to pass upon the validity of the reckless-endangerment enhancement before remanding to the district court. We decline the invitation. It seems to us more efficient, in the peculiar circumstances of this case, to afford the district court as much flexibility as possible in refashioning the sentence. <u>Cf.</u> <u>United States</u> v. <u>Pimienta-Redondo</u>, 874 F.2d 9, 14 (1st Cir. 1989) (en banc) (noting, in the context of a partial reversal of a multicount conviction, that the district court is in the best position to tailor an overall sentence suitable to the offense and the offender).