MURPHY, Circuit Judge,
dissents to the denial of initial en banc consideration by the court with opinion. The opinion is joined by KELLY and BRISCOE, Circuit Judges:
In United States v. Booker, the Supreme Court held that the United States Sentencing Guidelines were incompatible with the Sixth Amendment. 543 U.S. 220, 230-37, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). To remedy this incompatibility, the Court excised from the Sentencing Reform Act of 1984 those provisions of the Act that made the Guidelines mandatory. Id. at 245^46, 258-65, 125 S.Ct. 738. So modified, the Sentencing Reform Act of 1984 “makes the Guidelines effectively advisory. It requires a sentencing court to consider Guideline ranges, but it permits the court to tailor the sentence in fight of other statutory concerns as well, see [18 U.S.C.] § 3553(a).” Id. at 245-46, 125 S.Ct. 738 (citation omitted); see also United States v. Bullion, 466 F.3d 574, 575 (7th Cir.2006) (“[T]he standard of reasonableness, introduced by the Booker decision, confers broad sentencing discretion. The judge must consider the guidelines, but is in no sense bound by them. He is bound only by the statutory sentencing factors, 18 U.S.C. § 3553(a), which are both numerous and vague, giving the judge a great deal of running room.”).
This court has previously paid lip service to the notion that, following Booker, district courts possess substantial discretion in sentencing under the now-advisory Guidelines. See United States v. Andrews, 447 F.3d 806, 811-12 (10th Cir.2006). Nevertheless, as I have previously noted, serious tension exists between this court’s post -Booker precedents regarding appellate review of sentences and that portion of Booker holding that the Guidelines are no longer mandatory. United States v. Mateo, 471 F.3d 1162, 1171-72 (10th Cir. 2006) (Murphy, J., joined by Kelly, J., concurring). With the fifing today of the panel opinion in United States v. Atencio, No. 05-2279, there has been a profound escap *1109 tion in that tension. Under Atencio, the ability of district courts to exercise true discretion and vary from the range set out in the advisory Sentencing Guidelines is subject to significant and unwarranted procedural impediments, thereby threatening the very discretion mandated by Booker. Because the procedural impediments imposed on the district courts by Atencio are inconsistent with Booker, are not supported by case law or other governing authority, and are bad policy, I respectfully dissent from the denial of initial hearing en banc. See Fed. R.App. P. 35 (providing for hearing or rehearing en banc in cases involving questions of exceptional importance).
Atencio imposes two significant procedural requirements on the imposition of a sentence outside the range set out in the advisory Sentencing Guidelines. First, a district court must provide pre-hearing notice, pursuant to Federal Rule of Criminal Procedure 32(h), of its intent to vary from the advisory range set out in the Guidelines, which notice must identify each and every ground the district court is considering in support of such a sentence. Atencio, op. at 1102-04. Second, to support any variance from an advisory Guidelines range, a district court must undertake a detailed analysis of the propriety of the variance, with specific reference to the factors set out in 18 U.S.C. § 3553(a). Atencio, op. at 1105-07. Each of these procedural limitations is inconsistent with the post -Booker scheme; each occasions a significant, untoward burden on the district courts in this Circuit.
According to Atencio, the requirement of detailed and specific pre-hearing notice in every case in which the § 3553(a) factors might justify a sentence outside the advisory range is supported by Federal Rule of Criminal Procedure 32(h) and Burns v. United States, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Atencio, op. at 1102-04. Neither of these authorities is helpful, however, inasmuch as each addresses a specific pre-Booker phenomenon: unexpected “departures” “from a generally binding Guidelines range based on information not contained in the pre-sentence report or the parties’ sentencing submissions.” United States v. Walker, 447 F.3d 999, 1007 (7th Cir.2006).
Rule 32(h) by its plain language applies only to “departures,” a distinct sentencing mechanism that continues to apply post-Booker. United States v. Dozier, 444 F.3d 1215, 1217-18 (10th Cir.2006).[1] As the Atencio panel recognizes, however, what is at issue in this ease is not a “departure” from a mandatory Guidelines range. Atencio, op. at 1103. Instead, this case involves a sentence outside an advisory Guidelines range based on a balancing of the sentencing factors set out in § 3553(a), a sentencing option commonly labeled a “variance.” Op. at 1103. Because, as the Atencio panel recognizes, “departures” and “variances” are analytically distinct, and because Rule 32(h) does not refer to “variances,” it is quite odd for the Atencio panel to conclude district courts must comply with the dictates of Rule 32(h) before “varying” from the advisory Guidelines range. Indeed, the Atencio panel’s imposition of a notice requirement in the cir *1110 cumstances of this case seems more akin to rulemaking than adjudication of the meaning of Rule 32(h).
Nor does the Supreme Court’s decision in Burns support imposition of a notice requirement on district courts in the circumstances of this case. The prefatory portion of Bums notes it is entirely based on the “revolution[ary]” and “mechanical” nature of Guideline sentencing. 501 U.S. at 132-35, 111 S.Ct. 2182.[2] Because of the unique changes to sentencing occasioned by the Sentencing Reform Act of 1984, the Court in Bums concluded “procedural reforms,” including specific, advanced notice of an intent to depart, were necessary to fully implement a mandatory Guidelines scheme. Id. at 133, 138-39, 111 S.Ct. 2182.
The considerations that drove the decision in Bums are now mere history after the decision in Booker. In the Booker aftermath, sentencing has returned to the less formal practice that existed prior to the Sentencing Reform Act of 1984. Bullion, 466 F.3d at 575; cf. Burns, 501 U.S. at 133, 111 S.Ct. 2182 (“ ‘In pre-guidelines practice, factors relevant to sentencing were often determined in an informal fashion. The informality was to some extent explained by the fact that particular offense and offender characteristics rarely had a highly specific or required sentencing consequence.’ ” (quoting U.S.S.G. § 6A1.3, official commentary)). In the post-Booker world, all parties are inherently on notice that (1) the once-mandatory Guidelines are now advisory, and (2) any deviation from the Guideline range will be premised on at least one of the factors listed in § 3553(a). Accordingly, criminal defendants can claim no surprise as to the facts upon which a district court will rely to vary from the Guidelines. Thus, Bums simply does not support the Atencio panel’s imposition of a notice requirement to situations in which a district court determines the § 3553(a) factors dictate a sentence outside the advisory Guidelines range.
Nor is the rule set out in Atencio good policy. The result will be delay and needless additional expense. Sentencing judges normally schedule sentencing hearings at the time of conviction, whether by verdict or plea. For many good reasons, district court judges frequently prepare for sentencing hearings within days of the hearing, not weeks. This newly proposed notice requirement will likely have one of two consequences: (1) trial judges will be required to prepare for sentencing hearings many weeks beforehand; or (2) sentencing will proceed in two stages in all cases where the judge might possibly consider a sentence outside the range based on the factors set out in § 3553(a). Moreover, trial judges may begin requiring the parties to submit extensive pre-sentence memoranda in many, if not most, cases *1111 well before the sentencing hearing and address therein every possible aggravating and mitigating factor. As a consequence, this new notice requirement may very well slow down and complicate the sentencing process which, post-Booker, should be simpler and more informal.
Equally at odds with the sentencing discretion returned to district courts by Booker is the Atencio panel’s new requirement that to support a “variance” the district court must specifically explain, with reference to the factors set out in § 3553(a) why the “variance” is appropriate. Atencio, op. at 1105-07. This court has previously indicated that at sentencing a district court need not “march through § 3553(a)’s sentencing factors,” nor does this court “demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.” United States v. Rines, 419 F.3d 1104, 1107 (10th Cir.2005) (quotation omitted); see also United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir.2004) (holding that this court does not require any kind of “ritualistic incantation” on the part of the district court to establish its consideration of a legal issue (quotation omitted)). Although we have required district courts to consider the factors in § 3553(a) in exercising its post-Booker sentencing discretion, this court has never required district courts “to explain on the record how the § 3553(a) factors justify the sentence.” United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir.2006). Instead, as long as a district court is aware of its obligation to consider the numerous and vague sentencing factors set out in § 3553(a), and as long as the district court actually considers the arguments made by the parties at the sentencing hearing, the district court’s decision as to an appropriate sentence is entitled to substantial deference.
The second procedural requirement is completely at odds with these principles. See Fed. R.App. P. 35(a)(1) (recognizing the appropriateness of en banc review when “necessary to secure or maintain uniformity of the court’s decisions”). The developing case law in this Circuit on the question of appellate review of sentences can only be described as hostile to the advisory Guidelines scheme mandated by Booker. Mateo, 471 F.3d 1162, 1166 (Murphy, J., joined by Kelly, J., concurring) (noting this court’s recent precedents, which establish some kind of sliding scale under which district courts are required to offer greater justifications the farther a sentence varies from the advisory Guidelines range, can only be understood as “attempting] to force the district courts to hew as close to the Guidelines range as possible”). With the panel decision in Atencio, this court has taken its hostility to the advisory Guidelines system mandated by Booker to its logical (or, perhaps, illogical) pinnacle: any deviation from the range set out in the purportedly advisory Guidelines range must be specifically justified by the district court, with reference to the particular § 3553(a) factors invoked. Atencio, op. at 1105-07.
After the panel decision in Atencio, it is now as difficult as it possibly could be for a district court in this circuit to impose a sentence outside the range set out in the Guidelines. “Although many might bemoan the decision in Booker, it is the law of the land. The Guidelines are no longer mandatory and it is improper for this court to impose a system of appellate review that seeks to return this circuit, de facto, to a mandatory system.” Mateo, 471 F.3d 1162, 1171 (Murphy, J. joined by Kelly, J., concurring). For all those reasons set out in my separate opinion in Mateo, the second procedural requirement set out by the Atencio panel is completely at odds with Booker.
*1112 In conclusion, the panel decision in Atencio represents the ultimate imposition of formality, stringency, and complexity in sentencing. Atencio injects serious, untoward obstacles to the exercise of the very sentencing discretion by the district courts that Booker was intended to revive. The imposition of a sentence outside the advisory Guideline range in reliance on the discretionary factors in § 3553(a) will become painful and complex and will systemically slow the sentencing process. It cannot be overstated that the sole job of this court is to determine whether a sentence imposed by the district court is unreasonable. Booker, 543 U.S. at 260-65, 125 S.Ct. 738. That review should not entail the kind of de novo review underlying Atencio. Instead, as long as it is clear the district court understood and considered the arguments of the parties, the district court’s sentencing decision should be affirmed unless it is so outside the bounds of reason as to be considered unreasonable. Because the panel decision in Atencio is completely at odds with these principles, and because the en banc court has chosen not to intervene to forestall these deficiencies, I respectfully dissent from the denial of hearing en banc.

. The Federal Rules of Criminal Procedure provide as follows:
Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presen-tence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.
Fed.R.Crim.P. 32(h) (emphasis added).

. In. this regard, the Supreme Court noted:
The Sentencing Reform Act of 1984 revolutionized the manner in which district courts sentence persons convicted of federal crimes. See generally Mistretta v. United States, 488 U.S. 361, 363-367, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Before the Act, Congress was generally content to define broad sentencing ranges, leaving the imposition of sentences within those ranges to the discretion of individual judges, to be exercised on a case-by-case basis. Now, under the "guidelines'[1] system initiated by the Act, district court judges determine sentences based on the various offense-related and offender-related factors identified by the Guidelines of the United States Sentencing Commission. See 18 U.S.C. §§ 3553(a)(4), (b).... The only circumstance in which the district court can disregard the mechanical dictates of the Guidelines is when it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. ...” 18 U.S.C. § 3553(b).
Burns v. United States, 501 U.S. 129, 132-33, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).