FILED
United States Court of Appeals
Tenth Circuit

April 28, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARCUS DEWAYNE GRANT,

    Defendant-Appellant.

No. 09-6232

(D.C. No. 5:05-CR-00159-R-1)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Marcus Grant appeals from the district court's denial of his motion for

reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Exercising jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1291, we affirm.

I

On September 6, 2005, a federal grand jury indicted Grant on two counts of knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 6, 2005, Grant entered a plea of guilty to Count 1 of the indictment, which charged him with distributing 21.3 grams of crack cocaine on April 4, 2005. A presentence investigation report (PSR) was prepared by the probation office and provided to the district court and parties on December 9, 2005. The Sentencing Guideline calculations contained in the PSR included a total offense level of 27, a criminal history category of III, and an advisory guideline range of 87 to 108 months' imprisonment. Neither Grant nor the government filed any objections to the PSR. On January 12, 2006, the district court sentenced Grant to a term of imprisonment of 144 months.

Grant appealed his sentence to this court, arguing that the district court imposed a sentence above the advisory guideline range without first giving him notice of its intent to do so. While the appeal was pending, the parties filed a joint motion for remand for resentencing, noting that in United States v. Dozier, 444 F.3d 1215 (10th Cir. 2006), this court held "that Rule 32(h) . . . requires a [district] court to notify both parties of any intention to depart from the advisory sentencing guidelines as well as the basis for such a departure when the ground is not identified in the presentence report or in a party's prehearing submission." Id. at 1218. On August 21, 2006, this court granted the parties' joint motion and remanded the case to the district court for resentencing. On September

2

27, 2006, the district court resentenced Grant to 108 months' imprisonment, a term at the top of the advisory guideline range.

On October 8, 2009, the parties filed a joint motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). In that motion, the parties stated they "agree[d] Amendment 706 to the United States [S]entencing [G]uidelines," which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine offenses, "[wa]s applicable to th[e] case and authorize[d] the Court to consider a reduction of [Grant]'s sentence." ROA, Vol. 1 at 43-44. Attached to the parties' motion was a preliminary report prepared by the probation office regarding the possibility of a sentence reduction for Grant. In that report, the probation office concluded that Grant was eligible, at the district court's discretion, for a two-level decrease in his base offense level, and that such a decrease would in turn result in an advisory guideline range of 70 to 87 months' imprisonment. Id. at 47.

On October 14, 2009, the district court issued an order denying the motion for reduction of sentence. The order stated, in pertinent part:

> After considering the motion as well as the sentencing factors set out in 18 U.S.C. § 3553, the Court declines to reduce the Defendant's sentence.
>
> * * *
>
> Defendant's pre-sentence report reveals an extensive criminal history including violence not taken into consideration by the sentencing guidelines. His history includes repeated instances of drug violations as well as possession of weapons. The Court finds that the sentence previously imposed is sufficient but not greater than necessary to protect the public from further crimes of the defendant.

3

Id. at 49.

II

Grant now appeals the district court's denial of the motion for reduction of sentence. We review for abuse of discretion a district court's decision to deny a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). Although Amendment 706 applied to Grant's case and would have permitted the district court to exercise its discretion under § 3582(c)(2) to reduce Grant's sentence, Amendment 706 did not require the district court to reduce Grant's sentence.

Grant contends that "[t]he district court's characterization of [his] criminal history as 'extensive' and unaccounted for in the [PSR's] guideline computation is unsupported by the record." Aplt. Br. at 12. In particular, Grant notes that his "criminal history category was computed [by the PSR] in conformity with the applicable sentencing guideline provisions." Id. at 11. Further, Grant notes that the PSR "did not indicate [his] criminal history category substantially under-represented the seriousness of his criminal history 'or the likelihood that [he would] commit other crimes,' so that an upward departure was warranted." Id. (quoting U.S.S.G. § 4A1.1 (2005)). Lastly, Grant notes that "[t]he United States did not disagree with the [PSR's] guideline computation and did not advocate for an upward departure." Id. at 11-12.

In addressing Grant's contentions, we note, at the outset, that the Sentencing Guidelines expressly outline certain factors that must be considered by a district court

4

faced with a motion for reduction of sentence pursuant to § 3582(c)(2). To begin with, "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction . . . is warranted . . . ." U.S.S.G. § 1B1.10 cmt. n.1(B)(i). Notably, the factors to be considered under § 3553(a) include the defendant's history and the need for the sentence imposed to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2)(C). Relatedly, the Sentencing Guidelines also expressly require a court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Consequently, the district court in this case would have abused its discretion had it not considered Grant's criminal history in deciding whether to grant the motion for reduction of sentence.

We in turn conclude that the record on appeal adequately supports the district court's findings that Grant's criminal history was "extensive" and "includ[ed] violence not taken into consideration by the sentencing guidelines." ROA, Vol. 1 at 49. According to the PSR, Grant's criminal history began at age 15, when, within the span of four months, he was charged in two separate criminal proceedings with three counts of shooting with intent to kill. ROA, Vol. 2 at 6. Grant pled guilty to two of those counts, was found guilty of the third, and was placed in juvenile custody for a period of time. The PSR did not, however, assess any criminal history points for those sentences.[1] Id.

---

[1] As the basis for not assessing any criminal history points for these prior sentences, the PSR cited to U.S.S.G. § 4A1.2(e)(3), which effectively excludes the consideration of certain older prior sentences. We question, however, whether Grant's

Grant's criminal activity continued into his adulthood. Between September of 2002 and April of 2005, Grant was arrested on approximately six occasions, five of which involved the possession of illegal drugs. On one of those occasions, Grant was in possession of a firearm. On another, Grant purportedly attempted to elude a sheriff's deputy and, in doing so, "recklessly pulled into a parking lot narrowly missing two customers." Id. at 11. Because the state criminal charges that arose out of this latter event had not been finally adjudicated at the time Grant's PSR in the instant case was prepared, he was not assigned any criminal history points for the incident. Finally, the PSR indicates that at the time Grant engaged in the offense of conviction in this case, he was still on probation in connection with a state drug-trafficking offense that he pled guilty to in September of 2003.

In sum, we readily agree with the district court that Grant's criminal history was both extensive and included violent conduct for which he received no criminal history points. Further, we conclude that the district court did not abuse its discretion in refusing, based upon these findings, to reduce Grant's sentence.

Grant also argues on appeal that "United States v. Booker, 543 U.S. 220 (2005), applies to sentence modification proceedings conducted" under § 3582(c)(2), Aplt. Br. at

---

prior juvenile sentences were properly excluded under § 4A1.2(e)(3), since both were imposed within ten years of Grant's commencement of the current crack cocaine distribution offense. Whether or not Grant's prior juvenile sentences would have been properly excluded under another Guideline provision, it is uncontroverted that they were not counted in his PSR, and thus did not impact either his criminal history category or his resulting advisory guideline range.

8, and "permit[s] a sentence below the revised guideline range," id. at 9. Because, however, the district court in this case did not abuse its discretion in refusing to grant the motion for reduction of sentence, the question of whether it possessed authority to impose a sentence below the revised guideline range is irrelevant.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge