**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

RUDI ISMAEL FUENTES,

    Defendant-Appellee.

No. 02-2292

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-01-1409 JC)**

---

Submitted on the briefs:

David C. Iglesias, United States Attorney, and Laura Fashing, Assistant U.S. Attorney, Albuquerque, New Mexico, for Plaintiff-Appellant.

Rosanne Camunez, Las Cruces, New Mexico, for Defendant-Appellee.

---

Before **SEYMOUR**, **MURPHY** and **O'BRIEN**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

The government appeals the sentence imposed upon defendant Rudi Ismael Fuentes, alleging error relating to a downward departure. For the reasons set forth below, we vacate Mr. Fuentes' sentence and remand for resentencing.[1]

# I

Mr. Fuentes pled guilty to an information charging him with one count of illegal reentry after deportation subsequent to an aggravated felony conviction. He entered into a plea agreement that provided he would be sentenced at offense level seventeen, in a range of thirty-seven to forty-six months. At the sentencing hearing, the court refused to accept the plea agreement. However, the court then departed downward from the guideline range contemplated by the plea agreement and imposed a sentence of thirty months.[2]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[2] In the absence of the plea agreement, Mr. Fuentes' base offense level would have been twenty-four, with a three-level reduction for acceptance of responsibility. Taking into account his criminal history category (IV), the applicable guideline range without the plea agreement was fifty-seven to seventy-one months.

The court did not state the range from which it was departing downward. Although the court explicitly rejected the plea agreement out of hand, it also stated "I'm going to give him a seven month break," Aplt Appx. vol. I at 44, which indicates that the departure to a thirty month sentence was taken from the

(continued...)

The government argues on appeal that the sentencing court erred first by failing to give the government notice of its intent to depart downward from the sentencing guidelines. The government further argues that having rejected the plea agreement, the court abused its discretion by departing twenty-seven months from the applicable sentencing guideline without specifically finding exceptional circumstances existed, without stating its reasons for the departure, and by failing to explain the methodology by which it related the degree of departure to the sentencing guidelines.

## II

The initial point the government raises is one of first impression in this circuit. The government maintains it is entitled to notice that the court is considering a downward departure so that it may develop a full record and advance arguments on the propriety of departure. Six of our sister circuits have considered this question and all have determined this to be a proper statement of the law. *See United States v. Martin*, 221 F.3d 52, 55 (1st Cir. 2000); *United States v. Pankhurst*, 118 F.3d 345, 357 (5th Cir. 1997); *United States v. Green*,

---

[2](...continued)
range contemplated by the plea agreement, rather than from the otherwise applicable range. To reach a sentence of thirty months, the departure from the otherwise applicable range would have been twenty-seven months.

105 F.3d 1321, 1322 (9th Cir. 1997); *United States v. Maddox*, 48 F.3d 791, 799 (4th Cir. 1995); *United States v. Andruska*, 964 F.2d 640, 644 (7th Cir. 1992); *United States v. Alba*, 933 F.2d 1117, 1120 (2d Cir. 1991). No circuit has held otherwise.

In *United States v. Burns*, 501 U.S. 129, 138-39 (1991), the Supreme Court held that a sentencing court must give the defendant reasonable notice of its intention to depart upward from the applicable guideline range on a ground not identified as a ground for departure in either the presentence report or a prehearing submission to the court. The Court held that Federal Rule of Criminal Procedure 32 requires such notice, including the specific identification of the ground for the intended departure. *Id.* The Court included a footnote stating "[i]t is equally appropriate to frame the issue as whether the *parties* are entitled to notice before the district court departs upward *or* downward from the Guidelines range. Under Rule 32, it is clear that the defendant and the Government enjoy equal procedural entitlements." *Id.* at 135 n. 4 (emphasis in original).

The six circuits deciding the question applied the holding of *Burns* to downward departures, recognizing the importance of an opportunity for both the government and the defendant to develop a full record on which to consider a departure in either direction. *See, e.g.*, *Pankhurst*, 118 F.3d at 357-58; *Green*, 105 F.3d at 1322; *Maddox*, 48 F.3d at 799; *Andruska*, 964 F.2d at 643-44. We

agree with the rationale in these cases and hold that the parties are entitled to reasonable notice of a district court's intention to depart from the guidelines in either direction on a ground not previously identified. Because the district court erred by not providing adequate notice in this case, we vacate and remand for resentencing.

## III

Aside from the issue of notice, the government raises several arguments relating to the manner in which the court executed its downward departure. We review the district court's departure from the guidelines *de novo*. *United States v. Jones*, 332 F.3d 1294, 1299 (10th Cir. 2003).

It is well established that a sentencing court is required to select a sentence within a range calculated with reference to the Sentencing Guidelines unless exceptional circumstances exist to distinguish the defendant in a given case from others who have been convicted of the same criminal activity. *See* U.S.S.G. Ch. 1, pt. A, intro. comments 3-4. In reviewing the validity of departures from the guidelines:

> First, we must ascertain whether the district court set forth, in a written order of judgment, its specific reasons for departure. Second, we must consider whether the factors the district court relied upon "advance the objectives set forth in [18 U.S.C.] section 3353(a)(2)" and ensure that the district court's reliance on those factors did not violate any specific prohibition in the Guidelines . . . . Third, we

must consider whether the factors the district court relied upon were "authorized under section 3553(b)" and "justified by the facts of the case.". . . Finally, we must ask whether the district court's sentence "departs to an unreasonable degree from the applicable guidelines range."

*Jones*, 332 F.3d at 1299-1300 (citations and footnotes omitted). *See also* 18 U.S.C. § 3742(e).

We begin from the basic proposition that the sentencing court may not depart unless it has found an exceptional circumstance that warrants doing so. The court must find this circumstance to be "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a [lower] sentence . . . ." 18 U.S.C. § 3553(b)(1). If the court finds that such a circumstance exists, it must state at the time of sentencing the specific reason for the imposition of a sentence different from that described by the applicable guidelines. *See* 18 U.S.C. § 3553(c); *see also United States v. Hannah*, 268 F.3d 937, 941 (10th Cir. 2001). Furthermore, to justify the particular degree of departure, "the district court must specifically articulate reasons for the degree of departure *using any reasonable methodology hitched to the Sentencing Guidelines*, including extrapolation from or analogy to the Guidelines." *Hannah*, 268 F.3d at 941 (emphasis added) (internal quotation omitted). That "reasonable methodology" should attempt to predict what the Commission would have set as a guidelines had it adequately considered the

circumstance the court has found to warrant a departure. *See United States v. Whiteskunk*, 162 F.3d 1244, 1254 (10th Cir. 1998).

In the case before us, the district court articulated no specific reason or exceptional circumstance warranting a departure. The court did not find a circumstance that was of a kind or a degree not contemplated by the Commission. The court did not even mention the sentencing guideline range (either the one contemplated by the plea agreement or the one applicable in the absence of the agreement), and certainly did not provide any reasonable methodology hitched to the guidelines to explain its degree of departure.

From our review of the transcript of the sentencing hearing, it appears the only conceivable reason for which the court chose to depart downward was based on Mr. Fuente's age at the time of the underlying convictions. The court engaged in a brief and relatively informal discussion with counsel and the probation officer regarding whether the Guidelines take into account the circumstance in which an offense was committed prior to age eighteen. The prosecuting attorney cited the relevant guideline, U.S.S.G. § 4A1.2(d), which clarifies the manner in which the Commission determined this factor should be considered. The court then abruptly, and without any other mention of the guidelines, applicable ranges, or the plea agreement, stated "I'm going to give him a seven-month break." Aplt. Appx. Vol. I at 44. The court then formally sentenced the defendant without

allowing any further remarks by either attorney. At the conclusion of his

pronouncement of the sentence, the court stated:

> As justification for this sentence, I'm going to adopt all justifications which are included in this report and notice that your sentence does conform to the mandates of the Sentencing Guidelines and that the Court has departed at its own instance for the fact – for the reason stated in the record.

Aplt. Appx. vol. I at 45.

The report to which the court referred is presumably the presentence

investigation report. However, that report explicitly states there are no factors

that might warrant a departure. Aplt. Appx. Vol. II at 56. Moreover, the court's

conclusory statement that Mr. Fuente's sentence conformed to the mandates of the

Sentencing Guidelines is insufficient. In fact, it is incorrect, particularly in light

of the court's explicit refusal to accept the plea agreement which had adjusted the

base offense level downward. Finally, although the court referred to "the reason

stated in the record," the court had not in fact stated any reason for its downward

departure.[3]

When the court moved on to ask the attorneys to discuss Mr. Fuentes' right

---

[3] As the government points out, the only conceivable interpretation of the court's action must be that the court departed downward on the basis of Mr. Fuentes' age at the time of the underlying conviction. However, as the government had attempted to clarify for the court, that factor was already taken into consideration in the Guidelines section regarding those under age eighteen, and could not in this case of the conviction of a seventeen-year-old be considered present to a degree not adequately taken into consideration.

to appeal, both attorneys attempted to raise the subject of the plea agreement and the guideline range it had contemplated. The court simply stated its blanket refusal to accept any such plea agreements. When the probation officer stated the guideline range in the plea agreement, the court replied, "I give him 30 [months] because I departed." Aplt. Appx. Vol. I at 45. The court provided no further explanation for its action and summarily dismissed all those present, saying "go away." Aplt. Appx. Vol. I at 46. The hearing lasted only eight minutes.

The court's failure to make appropriate findings and state the reasons and methodology behind the departure as well as the particular degree of departure require that we vacate Mr. Fuentes' sentence and remand for resentencing.

## IV

The government also points out in its brief that the district court failed to follow the procedures then required under Rule 11(e)(4) in rejecting the Rule 11(e)(1)(c) plea agreement. Rule 11(e)(4), before its December 1, 2002 amendment, required that if a court chose to reject a Rule 11(e)(1)(c) plea agreement,

> the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court . . . that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea

agreement.

Fed. R. Crim. P. 11(e)(4) (before amendment effective Dec. 1, 2002). In this

case, after the court had pronounced the sentence, the following exchange took

place:

> Mr. Ossorio [Assistant United States Attorney]: Your Honor, I believe this
>     is a Rule 11(e)(1)(c) plea, whereby –
> The Court: I don't accept Rule 11(e)(1)(c)s. Do you want to
>     withdraw the plea? No, you don't.
> Ms. Camunez [defense counsel]: No.
> The Court: I don't take 11(e)(1)(c)s.
> Mr. Ossorio: Your honor –
> The Court: Y'all insult me when y'all come up with that kind of plea.
>     What do you want?
> Probation officer: The Guideline Range is 37 to 46 months.
> The Court: I give him 30 because I departed. Didn't you hear that?
> Probation officer: No, Your Honor. I'm sorry.
> The Court: I just said that. All right. Go away.

Aplt. Appx. Vol. I at 45-46.

Clearly this exchange does not satisfy the requirements of former Rule

11(e)(4). On remand, if the sentencing court chooses to reject the plea agreement,

it must comply with the procedure now delineated in Rule 11(c)(5) (effective Dec.

1, 2002), which mirrors the procedures detailed in former Rule 11(e)(4).

Accordingly, we **VACATE** the sentence and **REMAND** for resentencing

consistent with this opinion.