**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ARMANDO CALZADA-
MARAVILLAS,

     Defendant-Appellant.

No. 05-5029

**Appeal From The United States District Court**
**For The Northern District of Oklahoma**
**(D.C. No. 04-CR-106-001-HDC    )**

Robert A. Ridenour, Assistant Federal Public Defender (Paul D. Brunton, Federal Public Defender, and Barry L. Derryberry, with him on the brief), Tulsa, Oklahoma, for Defendant-Appellant.

Loretta F. Radford, Assistant United States Attorney (David E. O'Meilia, United States Attorney, with her on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

**BRISCOE**, Circuit Judge.

Defendant Armando Calzada-Maravillas pled guilty to reentry of a deported

alien after former conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(1) and (2). At sentencing, the district court *sua sponte* departed upward, and sentenced Calzada-Maravillas to 58 months' imprisonment. Calzada-Maravillas appeals his sentence, claiming that the district court erred in departing upward without providing notice to him in violation of Rule 32(h) of the Federal Rules of Criminal Procedure and United States v. Burns, 501 U.S. 129 (1991). In response, the United States argues that the lack of notice was harmless error.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We remand to the district court with directions to vacate defendant's sentence and resentence.

I.

On September 27, 2004, Calzada-Maravillas pled guilty to reentry of a deported alien after former conviction of an aggravated felony. The presentence report ("PSR") concluded that Calzada-Maravillas had a total offense level of 13, a criminal history category of VI, and a guideline range of 33 to 41 months. In calculating the total offense level, the PSR proposed the addition of eight levels under U.S.S.G. § 2L1.2(b)(1)(C) because defendant was previously convicted of two aggravated felony offenses. Although the PSR listed nine adult criminal convictions, the PSR stated that "[t]he probation officer ha[d] discovered no factor, of a kind, or to a degree, not adequately taken into consideration in the formulation of the guideline sentencing range, that would warrant a departure

from the prescribed guideline calculations." PSR ¶ 52, App. Vol. II, at 13. Neither party objected to the PSR.

The district court sentenced Calzada-Maravillas on February 23, 2005, which was after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). While the PSR recommended a guideline range of 33 to 41 months' imprisonment, the district court *sua sponte* departed upward and sentenced Calzada-Maravillas to 58 months' imprisonment. The district court stated that "an upward departure is of course warranted" when the criminal history category of VI "does not adequately reflect the seriousness of defendant's conduct." App. Vol. III, at 6. The district court listed three "aggravating factors that could warrant that upward departure": (1) "three prior sentences not used in the calculation of the criminal history category, two of which were controlled substance violations"; (2) the "recidivist nature of the defendant's criminal past"; and (3) the likelihood that he will reenter the United States "because he has done so at least eight times in the past." App. Vol. III, at 6.

The district court explained why it departed from the guideline range:

A review of offense level enhancement for a period of criminal convictions assists in reaching a departure level. Section 2L1.2(b)(1)(C) provides for an eight-level increase for a prior conviction for aggravated felony, and Section 2L1.2(b)(1)(D) provides a four-level increase for a conviction for any other felony, and these enhancements are triggered by just one prior conviction. In this case the defendant has a total of seven prior felony convictions, at least two of which are aggravated felonies.

-3-

Based on the defendant's criminal history and pattern of repetitive conduct, a four-level increase of the offense level appears to be appropriate, just and reasonable. This would provide an offense level of 17 combined with a criminal history of VI, and provides a guideline for a departure of a range of imprisonment between 51 and 63 months, and the Court so finds that this enhancement is appropriate and proper.

App. Vol. III, at 8.

After imposing sentence, the district court asked whether the parties had objections. Counsel for Calzada-Maravillas objected to the lack of notice, as well as the district court's imposition of a *sua sponte* upward departure. Counsel argued that Calzada-Maravillas was entitled to prior notice of the district court's intent to depart upward *sua sponte*, especially since he pled guilty before <u>Booker</u>. The district court responded that Calzada-Maravillas could withdraw his guilty plea, or "[o]therwise we're going to go forward as we have." <u>Id.</u> at 14. The district court overruled the defendant's objection and imposed sentence.

## II.

The notice requirement for guideline departures originated with a Supreme Court decision interpreting Rule 32 of the Federal Rules of Criminal Procedure. <u>See</u> <u>Burns v. United States</u>, 501 U.S. 129 (1991). In <u>Burns</u>, the Supreme Court held that a district court must give parties "reasonable notice" that it is contemplating an upward or downward departure from the Guidelines. 501 U.S. at 135 & n.4, 138 (1991). The Court interpreted former Rule 32(a)(1) of the

Federal Rules of Criminal Procedure, which provided counsel "'an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.'" Id. at 134 (quoting former Fed. R. Crim. P. 32(a)(1)). The Court concluded that the "opportunity to comment" in Rule 32 required the district court to give notice to the parties of its intent to depart upward or downward. Id. at 136-38.

In 2002, Congress amended Rule 32 to codify the Court's holding in Burns. Rule 32(h) requires courts to give reasonable notice to the parties of possible departures from the applicable sentencing guideline range:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h). Thus, the district court must give reasonable notice to the defendant of its intent to depart upward *sua sponte* from the guideline range when the PSR did not identify grounds for a departure, and the government did not request a departure. Fed R. Crim. P. 32(h); Burns, 501 U.S. at 135; United States v. Fuentes, 341 F.3d 1216, 1218 (10th Cir. 2003).

Rule 32 ensures "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." Burns, 501 U.S. at 137. We have recognized that "complete lack of notice . . . short-circuit[s] the significance of

any opportunity to comment." United States v. Bartsma, 198 F.3d 1191, 1198-99 (10th Cir. 1999). Moreover, prior notice of the court's intent to depart *sua sponte* allows the parties to "marshal and present evidence opposing any departure." United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996). Without notice, both parties are "utterly unprepared to make reasoned arguments to the court." Bartsma, 198 F.3d at 1199 n.6. The notice requirement ensures a meaningful opportunity to develop a full record regarding the proposed departure. Burns, 501 U.S. at 136-38; Fuentes, 341 F.3d at 1218. Without notice, a defendant must formulate an "on-the-spot defense against an upward departure." United States v. Paslay, 971 F.2d 667, 673 (11th Cir. 1992).

To provide the parties the opportunity to hone their legal arguments, the district court must provide advance notice of its intent to depart. See, e.g., United States v. Marmolejo, 86 F.3d 404, 420 (5th Cir. 1996); United States v. Jackson, 32 F.3d 1101, 1106 (7th Cir. 1994); United States v. Valentine, 21 F.3d 395, 398 (11th Cir. 1994). The notice requirement is not burdensome – its key component is that the parties have notice in advance of the sentencing hearing. See United States v. McCarthy, 97 F.3d 1562, 1580 (8th Cir. 1996) (holding that one day of notice was sufficient where counsel responded and declined the court's offer of additional time).

The parties agree that Booker did not change the notice requirement in Rule

32(h) and Burns.  We recently held in United States v. Dozier that "Rule 32(h) survives Booker and requires a court to notify both parties of any intention to depart from the advisory sentencing guidelines as well as the basis for such a departure when the ground is not identified in the presentence report or in a party's prehearing submission."  -- F.3d -- , No. 05-6259, 2006 U.S. App. LEXIS 8208, at *7 (10th Cir. Apr. 5, 2006); see also United States v. Hawk Wing, 433 F.3d 622, 626-27 (8th Cir. 2006) (presuming that Rule 32 survived Booker without analyzing its effect upon the notice requirement); United States v. Monroy, 135 Fed. Appx. 190, 193 (10th Cir. June 16, 2005) (unpublished opinion) (holding in a government appeal that Rule 32(h) survives Booker and remanding for resentencing when the district court departed downward *sua sponte*).

In this case, the district court explained its reasons for departing upward, but did not indicate whether it imposed a guideline departure or a non-guideline departure.  The district court departed upward because of Calzada-Maravillas' criminal history, recidivism, and repeated illegal reentry.  On the one hand, the record supports the conclusion that the district court imposed a guideline departure because the district court departed upward in part because of criminal history, and U.S.S.G. § 4A1.3 governs upward departures when the criminal history category is inadequate.  But the record also suggests that the district court

imposed a non-guideline departure to the extent it cited and discussed some of the factors set forth in 18 U.S.C. § 3553(a). Finally, the district court cited two subsections from U.S.S.G. § 2L1.2, although these subsections concern a specific offense characteristic in setting the total offense level and not a guideline departure under Part K or § 4A1.3.

The departure here may be described as a hybrid departure, as it was based upon both guideline and non-guideline rationales. Since our remanding for resentencing due to the lack of notice under either rationale would accomplish the same result, we will limit our discussion to the lack of notice of the guideline upward departure. See e.g., Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991) (stating that "[w]e will not undertake to decide issues that do not affect the outcome of a dispute"). Accordingly, we need not resolve in this case whether the notice requirement also applies to non-guideline departures under the factors listed in 18 U.S.C. § 3553(a).

After Booker, the notice requirement applies to guideline departures under Part K or § 4A1.3 of the Sentencing Guidelines. We have concluded that guideline departures in Part K and § 4A1.3 survive Booker.[1] United States v. Sierra-Castillo, 405 F.3d 932, 936 n.2 (10th Cir. 2005). Because the Supreme

---

[1] At least one circuit has concluded that guideline departures have "been rendered obsolete by our recent decisions applying Booker." United States v. Johnson, 427 F.3d 423, 426 (7th Cir. 2005).

Court required each district court to "consult those Guidelines and take them into account when sentencing," Booker, 543 U.S. at 264, a district court's sentencing decision "necessarily includes consideration of these Guideline departure provisions." Sierra-Castillo, 405 F.3d at 939 n.5; see also United States v. McBride, 434 F.3d 470, 477 (6th Cir. 2006) (concluding that, after Booker, "the appropriate Guideline range -- including Guideline departures -- must still be considered"); United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) ("Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or § 4A1.3 of the Federal Sentencing Guidelines."); United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005) (requiring district courts to decide whether to impose a "sentence that would have been imposed under the Guidelines," which is "a sentence within the applicable Guidelines range or within permissible departure authority," or a "non-Guidelines sentence"). Since guideline departures survive Booker, the notice requirement applies to departures under Part K or § 4A1.3.

### III.

The district court erred in failing to give notice by "specifically identify[ing] the ground on which [it] [wa]s contemplating an upward departure."[2]

---

[2] Calzada-Maravillas further argues that he was also entitled to notice pursuant to General Order 03-07 of the United States District Court for the

(continued...)

-9-

Burns, 501 U.S. at 138-39. The government concedes that Calzada-Maravillas did not receive reasonable notice of the court's anticipated upward departure.

This lack of notice prevented both parties from effectively presenting their respective positions regarding the departure. The government does not dispute that the district court's *sua sponte* upward departure was a complete surprise to Calzada-Maravillas. Neither the government nor the PSR recommended the upward departure. Like the PSR in Burns, the PSR in this case affirmatively stated that no factors warranted an upward departure. See Burns, 501 U.S. at 131. By all accounts, the PSR considered Calzada-Maravillas' criminal history by recommending a criminal history category of VI and by proposing to add eight levels to the offense level under U.S.S.G. § 2L1.2(b)(1)(C) for the specific offense characteristic that he was previously convicted of two aggravated felony offenses. Calzada-Maravillas relied on the recommendations set forth in the PSR. As a result, he had no incentive to challenge the circumstances of his prior convictions or deportations because he had no reason to believe that the court would rely on them to further increase his sentence.

Nor did the listing of Calzada-Maravillas' criminal history in the PSR give him constructive notice of the upward departure. A PSR may satisfy the notice

---

[2](...continued)
Northern District of Oklahoma. Because Rule 32(h) requires notice, we need not reach this argument.

requirement by identifying grounds for an upward departure, which is typically set forth under a heading such as "Factors that May Warrant Departure." See United States v. Queensborough, 227 F.3d 149, 154-55 (3d Cir. 2000). The mere recitation of a defendant's criminal history in the PSR does not confer notice of the possibility of the district court's *sua sponte* upward departure based upon that criminal history. See, e.g., United States v. Carter, 203 F.3d 187, 190 (2d Cir. 2000); United States v. Mangone, 105 F.3d 29, 35 (1st Cir. 1997). If the PSR does not explicitly identify the defendant's criminal history as a ground for an upward departure, it does not provide reasonable notice of the potential for such a departure, even if it lists the defendant's criminal history.

Without any advance notice, Calzada-Maravillas had no meaningful opportunity to respond to the upward departure announced by the court. Defense counsel was not prepared to present evidence or concise legal argument regarding the propriety of an upward departure for criminal history, recidivism, or repeated illegal reentry. Counsel could not be expected to respond extemporaneously to the applicability of U.S.S.G. § 2L1.2, which the district court cited in departing upward. Nor was counsel prepared to discuss circumstances that may mitigate Calzada-Maravillas' prior convictions or illegal reentries.

The district court did not provide reasonable notice by asking, "Is there objection to the sentence as imposed?" App. Vol. III, at 12. A district court may

-11-

not cure defective notice by allowing counsel to speak extemporaneously at the sentencing hearing, especially after it imposes sentence. See Valentine, 21 F.3d at 397-98. To cure inadequate notice, the district court must inform the parties of the proposed departure before imposing sentence and allow the parties to prepare arguments and evidence. See Carter, 203 F.3d at 191. For example, in Carter, the district court proposed an upward departure at sentencing, but continued the sentencing to allow the defendant to file an opposition brief and reconvened the sentencing hearing three days later for oral argument. Id.

The district court erred in failing to provide reasonable notice of its intent to depart upward, and we must remand for resentencing unless the error is harmless.

IV.

The government argues that remand for resentencing is unnecessary because the error was harmless. Because Calzada-Maravillas preserved his objection, the government has the burden to establish that the error was harmless. See Fed. R. Crim. P. 52(a). The government's burden of proof differs depending upon whether failure to give notice is a constitutional error or a non-constitutional error. E.g., United States v. Glover, 413 F.3d 1206, 1210 (10th Cir. 2005) (requiring the government to "demonstrat[e], by a preponderance of the evidence, that the substantial rights of the defendant were not affected" by a non-

constitutional error where the defendant preserved his or her objection); United

States v. Lang, 405 F.3d 1060, 1065 (10th Cir. 2005) (requiring the government to

prove that a constitutional error was "harmless beyond a reasonable doubt" where

the defendant preserved his or her objection).

There is some dispute whether failure to give notice is constitutional error

or only non-constitutional error. We have not decided the issue.[3] In the present

case, we need not determine whether lack of notice is constitutional error because

the government fails to demonstrate that the error is harmless under either burden

of proof. See United States v. Himler, 355 F.3d 735, 743 (3d Cir. 2004)

(declining to decide whether lack of notice is a constitutional error because the

government could not demonstrate that the error was harmless, even if it was a

non-constitutional error).

The government claims that failure to give notice is harmless because

Calzada-Maravillas could not change his prior criminal history and his prior

illegal reentries. Under the government's theory, Calzada-Maravillas could not

---

[3] The notice requirement may implicate the Due Process Clause, and two circuits have held that failure to give notice was constitutional error. United States v. Lopreato, 83 F.3d 571, 577 (2d Cir. 1996); United States v. Paslay, 971 F.2d 667, 674 (11th Cir. 1992). Although the Second and Eleventh Circuits have concluded that failure to give notice is constitutional error, the Supreme Court declined to address whether the notice requirement was constitutional, and instead construed Rule 32 to avoid the serious constitutional question that would arise if it did not require notice. See Burns, 501 U.S. at 138.

-13-

have opposed the departure, and the sentence would have been the same so "any subsequent remand for resentencing would be futile." Gov't Br. at 9.

In response to the government's claim that lack of notice was not prejudicial, counsel for Calzada-Maravillas explains that he would have contested the proposed upward departure and investigated the circumstances of the prior offenses. Without notice, counsel had no opportunity to address the factors governing the propriety of a departure. The PSR did not report any details of four of the defendant's nine adult convictions. Counsel argues that he wanted to "investigate whether circumstances exist which mitigate the stale convictions," which occurred as early as 1992. Aplt. Br. at 9. By explaining what he would have done differently if he had notice, Calzada-Maravillas has dispelled the government's assertion that he could not have opposed the proposed departure.

The government further asserts that the error is harmless because Calzada-Maravillas had an incentive to object to the criminal convictions in the PSR since the district court could consider them in a post-Booker sentencing. The government contends that notice would not benefit Calzada-Maravillas because defense counsel indicated that the PSR was accurate. The government would require defense counsel to challenge any and all negative inferences that could be drawn from the PSR regardless of their likely effect upon the defendant's sentence. Here, Calzada-Maravillas had no reason to know that his criminal

-14-

history or prior illegal reentries would be the basis for an upward departure because he had a criminal history category of VI, and the PSR affirmatively stated that no departure was warranted, which implied that the criminal history category of VI was sufficient. Defendant's counsel had no reason to investigate or develop arguments regarding Calzada-Maravillas' criminal history. If we accept the government's view, the defendant would have to fill the record with objections to information in the PSR that may not be at issue at the sentencing. This seems an unlikely approach for defense counsel as such objections would unnecessarily emphasize the defendant's criminal history.

Essentially, the government asserts that the opportunity to object to the criminal history in the PSR is synonymous with the opportunity to oppose the upward departure, but they are not the same. This argument resembles the contention that the PSR provides constructive notice by listing criminal history, which other courts have rejected because it would eviscerate Burns and the notice requirement. See Carter, 203 F.3d at 190-91; Mangone, 105 F.3d at 35.

The government also maintains that Calzada-Maravillas has failed to advance specific arguments that he would have made below if he had notice. We will not require the defendant to specify the arguments that he would have made if he had notice, especially where the defendant objected below and we review for harmless error. In Burns, the Supreme Court did not require the defendant to

-15-

specify the arguments that he would have made if he had notice before vacating his sentence. 501 U.S. at 139. Moreover, we have not required specific arguments from a defendant before remanding for resentencing in a *sua sponte* upward departure. See Dozier, -- F.3d -- , No. 05-6259, 2006 U.S. App. LEXIS 8208, at *7 (10th Cir. Apr. 5, 2006). Nor have we required specific arguments from the government before remanding for resentencing in a *sua sponte* downward departure without notice. Fuentes, 341 F.3d at 1217-18. In Fuentes, we remanded for resentencing without discussing whether the government objected to lack of notice of downward departure. Id. at 1217-18. We see no reason to require defendants to specify arguments on appeal when we did not impose a similar burden upon the government in Fuentes.

Other circuits have vacated the defendant's sentence and remanded for resentencing without requiring the defendants to specify on appeal the arguments that they would have made before the district court. See, e.g., United States v. Matos, 328 F.3d 34, 44 (1st Cir. 2003) (remanding for resentencing without stating whether the defendant objected); United States v. Gabriel, 125 F.3d 89, 106 (2d Cir. 1997) (remanding for resentencing where the government conceded that remand was necessary and without stating whether the defendant objected), overruled in part on other grounds, United States Quattrone, -- F.3d -- , No. 04-5007-CR, 2006 WL 700978, at *14 (2d Cir. Mar. 20, 2006); United States v.

Marmolejo, 86 F.3d 404, 420 (5th Cir. 1996) (remanding for resentencing without discussing harmless error, even though counsel objected to lack of notice); United States v. Maxton, 940 F.2d 103, 106-107 (4th Cir. 1991) (remanding for resentencing without discussing whether defendant objected to lack of notice). Even when the defendant failed to object to lack of notice, some courts have concluded that lack of notice constituted plain error. See United States v. Otis, 107 F.3d 487, 489 (7th Cir. 1997) (recognizing plain error because the court's upward departure was "improper based only on its stated reasons"); Mangone, 105 F.3d at 34-36 (remanding for resentencing because lack of notice of *sua sponte* upward departure was plain error); Valentine, 21 F.3d at 398 (remanding for resentencing because lack of notice of *sua sponte* departure was plain error where the "district court mistakenly relied on nonexistent facts"); but see United States v. Jones, -- F.3d -- , No. 05-60152, 2006 WL 766691, at **7-8 (5th Cir. Mar. 27, 2006) (affirming sentence because defendant failed to establish plain error since the record indicated that it was not "reasonably probable that the district court would have chosen a lesser sentence").

Two other circuits have required the defendant to explain what he would have done differently to avoid harmless error, but these cases are distinguishable. In the Second Circuit, the defendant must "specify arguments he would have made that the district court did not consider" to avoid harmless error. United

-17-

States v. Rivera, 192 F.3d 81, 88 (2d Cir. 1999).  In Rivera, the district court departed downward on the defendant's sentence, but departed upward on the term of supervised release.  Id.  Rivera is distinguishable because the defendant could not have opposed the upward departure in the term of supervised release, which was the "hedge (and therefore the off-set) for the downward departure that reduced his prison sentence."  Id.

Similarly, the Third Circuit has held that the defendant must prove that "he would have done things differently had notice been given" to avoid harmless error.  Himler, 355 F.3d at 742-43.  Although the Third Circuit required Himler to make this showing in a harmless error case, it adopted the standard from a plain error case.  Id. at 742 (citing United States v. Reynoso, 254 F.3d 467, 475-76 (3d Cir. 2001)).  The Third Circuit remanded for resentencing where the defendant described specific measures that he would have employed if he had notice.  Himler, 355 F.3d at 743.  We hesitate to require the defendant to make such a showing in a harmless error case where the government has the burden of proof.  Thus, we decline to accept the government's invitation to create a double standard or shift the burden in harmless error review.  A defendant is not required to specify the arguments that he would have made or the evidence that he would have investigated to avoid harmless error.

Finally, the government asserts that the lack of notice was harmless error

-18-

because the district court's sentence is reasonable under the advisory guidelines and fell within the statutory maximum sentence. Although we review sentences for reasonableness after Booker, sentences outside of the guideline range are not "entitled to a rebuttable presumption of reasonableness on appeal." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

The government maintains that this court has affirmed a sentence with a *sua sponte* upward departure when "the sentence is reasonable." Gov't Br. at 10-11. The government cites United States v. Tsosie, 376 F.3d 1210, 1218 (10th Cir. 2004), cert. denied, 125 S. Ct. 1298 (2005)), in support of its argument. Tsosie is distinguishable from the present case. Tsosie did not involve an upward departure in sentencing, but rather addressed a revocation of supervised release. 376 F.3d at 1212. Moreover, the defendant in Tsosie had notice because the district court informed the parties of its intent to sentence above the recommended range at the initial revocation hearing and granted a continuance so that the defendant could brief the issue. See id.

The government invites this court to evaluate Calzada-Maravillas' sentence for reasonableness and ignore the complete lack of notice. We decline to do so in this case because the government has not shown that the lack of notice in this case was harmless error.

We REMAND to the district court with directions to vacate Calzada-

Maravillas' sentence and resentence.