**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY JOE YAZZIE, JR.,

Defendant - Appellant.

No. 05-2303

D. N.M.

(D.C. No. CR-05-184 JC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

On June 15, 2005, Leroy Joe Yazzie, Sr., pled guilty to one count of

involuntary manslaughter in violation of 8 U.S.C. §§ 1112 and 1153. The

Presentence Investigation Report (PSR)[1] determined the applicable guideline

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] By stipulation, Yazzie was sentenced under the 2002 edition of the United States Sentencing Guidelines. Unless otherwise noted, all references to the guidelines are to that edition.

range to be ten to sixteen months.[2] The district court instead sentenced him to eighteen months imprisonment — two months in excess of the maximum of the original guideline range. The district court based its upward departure on the fact it believed criminal history category I under-represented Yazzie's criminal history.[3] *See* USSG §4A1.3. In light of Yazzie's two prior tribal convictions for battery, the district court deemed a criminal history category II to be more appropriate. This resulted in a modified guideline range of twelve to eighteen months. Judgment was entered on September 21, 2005. In his timely appeal, Yazzie argues the district court unreasonably increased his sentencing range by relying on past tribal convictions. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

**Discussion**:

We review sentences imposed after *United States v. Booker* for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). 543 U.S.

---

[2] The PSR determined Yazzie's initial base offense level as 14 pursuant to USSG §2A1.2(a)(2), but he received a two level deduction for acceptance of responsibility under USSG § 3E1.1. His criminal history category was determined to be I, resulting in a guideline range of ten to sixteen months.

[3] The PSR advised Yazzie's criminal history category I may under-represent Yazzie's criminal history and category II would be more appropriate. Yazzie informally objected to this conclusion but filed no formal objections to the PSR. Because the PSR stated the factors warranting departure, the district court did not *sua sponte* depart upward, and Yazzie had reasonable notice. *United States v. Calzada-Maravillas*, 443 F.3d 1301, 1306 (10th Cir. 2006) ("A PSR may satisfy the notice requirement by identifying grounds for an upward departure . . . .").

220, 261 (2005); *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006).

However, the district court "is not required to consider individually each factor

listed in § 3553(a) before issuing a sentence." *United States v. Kelley*, 359 F.3d

1302, 1305 (10th Cir. 2004). "[W]e review legal questions *de novo* and we

review any factual findings for clear error, giving due deference to the district

court's application of the guidelines to the facts." *United States v. Wolfe*, 435

F.3d 1289, 1295 (10th Cir. 2006) (quotation and citation omitted).

After *Booker*, "district courts still maintain the ability to depart downward

*or upward* from the sentencing guideline range, so long as the sentence imposed

is reasonable in light of the factors in 18 U.S.C. § 3553(a)." *United States v.*

*Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006). On review, "a sentence that

is properly calculated under the Guidelines is entitled to a rebuttable presumption

of reasonableness." *Kristl*, 437 F.3d at 1054.[4] We require reasonableness in two

---

[4] The presumption of reasonableness is an appellate presumption only. *Rita v United States*, 127 S.Ct. 2456, 2465 (2006). "[T]he courts of appeals' 'reasonableness' presumption, rather than having independent legal effect, simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id*. And the presumption is discrete and quite limited:

> For one thing, the presumption is not binding. It does not, like a
> trial-related evidentiary presumption, insist that one side, or the
> other, shoulder a particular burden of persuasion or proof lest they
> lose their case. Nor does the presumption reflect strong judicial
> deference of the kind that leads appeals courts to grant greater
> factfinding leeway to an expert agency than to a district judge.
> Rather, the presumption reflects the fact that, by the time an appeals
> court is considering a within-Guidelines sentence on review, *both* the

respects — "the length of the sentence, as well as the *method* by which the sentence was calculated." *Id*. at 1055. When evaluating departures and variances post-*Booker*,[5] we first determine whether the initial guideline range was appropriately calculated, then examine whether the departure was warranted under the traditional departure scheme,[6] and finally consider whether the ultimate sentence imposed was reasonable in light of § 3553(a).

Yazzie does not contest the calculation of the initial guideline range. *See Kristl*, 437 F.3d at 1055 (requiring the initial guideline calculation to be methodologically sound). Thus, we turn our attention to whether the upward departure was warranted under the traditional guideline departure scheme. *See Calzada-Maravillas*, 443 F.3d at 1305 ("a district court's sentencing decision necessarily includes consideration of [the] Guideline departure provisions").

---

> sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.

*Id.* at 2463 (internal citations omitted).

[5] A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) (en banc). A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

[6] It is not clear that a sentence departing from the guidelines, even if properly done, is entitled to a presumption of reasonableness. Accordingly, we do not employ the presumption in this case.

Under the traditional guideline departure scheme, we evaluate upward departures by examining:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

*United States v. Walker*, 284 F.3d 1169, 1171 (10th Cir. 2002). Under USSG §4.A1.3, an upward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, . . ." An upward departure is "reasonable" in this context if the district court "precisely lay[s] out its reasoning and analysis as to why it is selecting a particular degree of departure" sufficient to "give us reasonable indicia that the sentence the district court pronounces is proportional to the crime committed." *United States v. Proffit*, 304 F.3d 1001, 1012 (10th Cir. 2002). "The district court accomplishes this task by using any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure." *Id*.

In this case, the PSR accounted for Yazzie's 2003 conviction for aggravated driving while intoxicated. However, the criminal history category did not account for four other prior convictions: a 1996 conviction for criminal

damage and battery; a 2000 conviction for battery; a 2000 conviction for speeding, no driver's license and no insurance; and another 2000 conviction for no driver's license. The 1996 and 2000 battery convictions were in tribal court and the information about them was obtained from Navajo Department of Law Enforcement arrest reports. Yazzie did not dispute the tribal court convictions, but asserted a departure was not warranted because "the location of the court, the nature of the plea or trial, and the presence or absence of an attorney is unknown." (Appellant's Br., Attach. C at 1.) The district court characterized the two battery convictions in tribal court as "crimes of violence" and deemed them to be "serious in nature." (R. Vol. III at 4.) Based on these findings, the district court held Yazzie's "criminal conduct is significantly under-represented by his criminal history score." (*Id*. at 3-4.) Relying on §4A1.3, the district court held Yazzie's "criminal history category [would] be more adequately represented [and] more similar to those individuals having a criminal history category of II," resulting in a sentencing range of twelve to eighteen months. (*Id*. at 4.)

We find this departure to be a reasonable upward departure under USSG §4.A1.3. USSG §4A1.3(a) allows for the consideration of "prior sentence(s) not used in computing the criminal history category," and specifically lists the example of "sentences for . . . tribal offenses" as acceptable. *See also* USSG §4A1.2(i) ("tribal court convictions . . . may be considered under § 4A1.3"); *United States v. Yates*, 22 F.3d 981, 988 (10th Cir. 1994) (allowing tribal court

sentence to serve as a basis for an upward departure); *United States v. Bennally*, 756 F.2d 773, 779 (10th Cir. 1985) ("In sentencing an Indian the court may consider the defendant's uncounselled tribal convictions.").

Additionally, the district court's comparison of Yazzie's criminal history to other defendants' history resulted in an appropriate degree of departure. Had Yazzie been given a criminal history point for each of his two prior tribal convictions for battery his criminal history category would have been II, resulting in a guideline range of twelve to eighteen months. Thus, the district court's analysis of the degree of the upward departure was appropriately hitched to the guidelines. *See United States v. Hurlich*, 348 F.3d 1219, 1222 (10th Cir. 2003) ("The district court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of a departure, which includes using extrapolation from or analogy to the Guidelines.") (quotation marks and citations omitted).

Yazzie argues the district court erred by holding the earlier tribal battery convictions were "crimes of violence" and "serious in nature" based upon unreliable arrest reports and not court documents. Even assuming the tribal convictions in this case could not qualify as "crimes of violence" under USSG §4B1.2(a)(1),[7] Yazzie's argument overlooks the fact that the district court's

_____

[7] "Crime of violence" in § 4B1.2(a) is used to determine whether the defendant is a career offender, which in turn, affects the offense level, not the criminal history category. The term is defined as an "offense under federal, state,

characterization of his prior battery convictions as "crimes of violence" was unnecessary to the determination that an upward departure was warranted. Had the prior tribal battery convictions been given the minimum value of one point under §4A1.1, Yazzie still would have warranted a criminal history category of II independent of the nature of the prior convictions. Criminal history category points are determined by the length of the sentence imposed, not the nature of the offense. *See* §4A1.1.

Additionally, while district courts are limited to judicial documents and are not allowed to use police reports when determining the classification of an offense, *Shepard v. United States*, 544 U.S. 13 (2005), the guidelines only require a district court to use "reliable information" when determining whether "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." USSG §4A1.3. The limitation imposed by *Shepard* relates to the determination of the nature of the offense charged, not the evaluation of uncounted prior convictions when determining

---

or local law punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, . . ." The Navajo Nation Code provides that a "person commits battery if he or she unlawfully and intentionally strikes or applies force to the person of another." 17 N.N.C. § 316(A). Assuming this was the crime for which Yazzie was convicted, it is possible the characterization of Yazzie's tribal battery convictions would qualify as "crime[s] of violence" under the sentencing guidelines. We need not decide this issue, however.

upward departures. Even were we to consider *Shepard* as analogous to this case, Yazzie's argument is especially unpersuasive because he did not challenge the existence of the tribal battery convictions, but objected only to the lack of specific details such as the locations of the court, the nature of the plea or trial, or whether he was afforded counsel. These details are unnecessary in the absence of an objection to the fact of conviction. "When a defendant does not contest . . . criminal conduct at sentencing, a district court may rely on the facts in a presentence report." *Yates*, 22 F.3d at 989; *see also Bennally*, 756 F.2d at 779 (approving upward departure based on prior tribal conviction obtained where defendant was unrepresented).

Nor is this case like *United States v. Wyne*, where we held thirty prior convictions could not serve as a basis for an upward departure because they fell outside of the ten and fifteen year periods established by §4A1.1, comments 1 and 2, and did not meet the standard for inclusion under §4A1.2, comment 8. 41 F.3d 1405, 1407-08 (10th Cir. 1994). *Wyne* was an interpretation of guideline provisions governing the inclusion of old (greater than ten or fifteen years) prior convictions when evaluating upward departures. It is, therefore, inapplicable to this case. There is no suggestion that Yazzie's prior tribal convictions run afoul of the time periods laid out in §4A1.1, comments 1 and 2.

Finally, we must consider the ultimate question of whether the sentence imposed is reasonable in light of the factors listed in 18 U.S.C. § 3553(a). *United*

*States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006) ("[A]fter *Booker,* every sentence that a district court ultimately imposes must reflect its determination of what is reasonable in light of the same § 3553(a) factors, whether that sentence is within or outside the Guidelines range."). We recognize some amount of overlap with our reasonableness inquiry under the upward departure analysis. *United States v. Still*, No. 05-1317, 2007 WL 2733822 *3 (10th Cir. Sept. 14, 2007) (unpublished).[8] Under § 3553(a), we may appropriately consider the nature of the defendant's prior convictions. *Id*. at *6 (focusing on the nature of the defendant's prior convictions under the analysis of § 3553(a) factors).

Given the existence and nature of Yazzie's two tribal battery convictions, it was reasonable to assign him a sentence above that reserved for first time offenders and individuals with little chance at recidivism. *See* USSG §4A1.3 ("The lower limit of the range for Criminal History Category I is set for the first offender with the lowest risk of recidivism."). It was not unreasonable for the district court to consider that even a slightly increased sentence would better promote respect for the law, deter future criminal conduct, and protect the public from further crimes. 18 U.S.C. § 3553(a)(2). No other § 3553(a) factors weigh against this conclusion, nor do any of Yazzie's arguments undermine it. Based on Yazzie's prior criminal history, the nature of his criminal offenses, both past and present, and his likelihood

_____

[8] Unpublished opinions are not binding precedent. We mention *Still* only because of their persuasive value. *See* 10th Cir. R.App. P. 32.1(A).

of recidivism, we conclude Yazzie's sentence is reasonable.

**AFFIRMED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge